**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PRINCE A.Z.K. ADEKOYA II, | : | |
| | : | Civil Action No. 08-3994 (KSH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| MICHAEL CHERTOFF, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Prince A.Z.K. Adekoya II, Pro Se
A # 097513560
Varick Federal Detention Facility
201 Varick Street, 4th Floor
New York, NY 10014

**HAYDEN**, District Judge

On August 11, 2009, plaintiff, an immigration detainee confined at the Varick Federal Detention Facility, New York, New York, brought a civil action alleging violations of his constitutional rights, pursuant to 42 U.S.C. § 1983, and an application to proceed with this action in forma pauperis, pursuant to 28 U.S.C. § 1915(e). On March 4, 2009, this Court issued an opinion and order granting the in forma pauperis application, and dismissing the complaint, without prejudice. Plaintiff was granted 45 days to move to reopen the case, and file an amended complaint to address deficiencies in his original filing.

On April 22, 2009, plaintiff filed an amended complaint. This Court subsequently ordered that the case be reopened to screen the amended complaint.

Therefore, at this time, the Court must review the amended complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  For the reasons set forth below, the Court concludes that the amended complaint will be partially dismissed.  Plaintiff's medical care claim will be permitted to proceed.

## BACKGROUND

In his original complaint, plaintiff asserted the following facts, reproduced here from this Court's opinion dated March 4, 2009:

> Plaintiff seeks to sue 21 defendants, including Department of Homeland Security ("DHS") directors and officers, and staff at the Bergen County Jail, for violations of his civil rights.
>
> From the time period spanning May 23, 2008 to June 14, 2008, plaintiff, an immigration detainee, was housed at the Bergen County Jail in Hackensack, New Jersey. Plaintiff complains that while housed at the jail, he was not provided Muslim "Halal" meals, and thus, did not eat. Because he was not eating, he could not obtain medical treatment necessary for a hand injury-he could not take medication without having eaten. Plaintiff also asserts that he was denied access to the law library. Thus, plaintiff repeatedly asked

>for a transfer to another facility, which was eventually granted.
>
>More specifically, plaintiff seeks to sue the DHS defendants, arguing that they transferred him to an institution where he was "tortured, abused and deprived of [his] Constitutional rights." (Complt., pp. 6(a)-6(b)). When he asked one DHS defendant to transfer him out of Bergen County Jail, the officer refused stating that plaintiff was not cooperating in effectuating his removal. (Complt., p. 6(b)).
>
>With regard to the Bergen County officers, plaintiff seeks to sue the Sheriff of Bergen County, the Undersheriff, the Captain and two Lieutenants, arguing that they were aware of his issues and did not respond to his grievances. (Complt., pp. 6(b) -6(d)).
>
>Plaintiff also seeks to sue various officers at the Bergen County Jail, who he complained to, and who told him to take up his issues with DHS, Immigration and Customs Enforcement ("ICE") officials, since plaintiff was an ICE detainee, not a jail detainee. These officers told plaintiff that they did not serve Halal meals. Plaintiff states that the officers violated his constitutional rights by their "attitude and discrimination." (Complt., pp. 6(d) -6(g)).
>
>Plaintiff also names as defendants numerous officers and the jail nurse, who he states actually saw the condition of his hand, and knew that he was not being medically treated, and knew of his dietary issues. Plaintiff also notes an issue with the law library, claiming that he was denied access even though he was in an immigration detainee with open cases in federal court. (Complt., pp. 6(a), 6(g) -6(I)).
>
>Plaintiff asks for monetary and other relief, stating that he will be handicapped for the rest of his life because he cannot use his right hand to work anymore. He also states that he has had emotional distress and mental anguish. (Complt., p. 7).

See Opinion, docket entry 4, at pp. 2-3.

In his amended complaint, plaintiff alleges basically the same facts. He asserts that while at the Bergen County Jail

("BCJ") he was "tortured, abused and deprive[d] of my constitutional rights, by not being allowed to practice my religion, not being fed my religious meal 'halal meal' according to my Spiritism religion, deprived of medical attention and required therapy for my broken right hand surgery, and denial of access to court[s], by depriving me adequate access to the law library in order to prepare for my case as a pro se detainee with few open cases in federal court at the Southern District of New York." (Am. Complt., ¶ 2).

Plaintiff again notes that by being denied the "halal meal," he was "automatically cut . . . off from taking the medication that will help reduce the pain on my right hand surgery." (Am. Complt., ¶ 3). Plaintiff asserts that he was also denied therapy for his hand, and may lose the function in his hand. (Am. Complt., ¶ 10). With regard to the medication, plaintiff contends that he spoke to a nurse who told him that if he didn't eat, he could not take his medication. (Am. Complt., ¶ 17, 21). Plaintiff states that he also spoke to a therapist about how "therapy couldn't be administered because [he had not eaten] anything and [he] was in serious pain due to lack of medication, based on the fact that the institution does not provide Hallal meal[s] which hinder[s] [him] from tak[ing] the medication that will help heal [his] injury." (Am. Complt., ¶ 21).

4

Plaintiff was repeatedly told that because he was an ICE detainee, not a BCJ detainee, that he would have to complain to ICE about the lack of halal meals, and that BCJ did not serve halal meals. (Am. Complt., ¶¶ 17-19). Plaintiff complained about his conditions of confinement to his immigration officer, who said that he would not help plaintiff because plaintiff was not assisting in the removal process. (Am. Complt., ¶ 22).

Plaintiff again asks for monetary relief. (Am. Complt., ¶ 35).

## DISCUSSION

### A. Standard of Review

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard. See Phillips v. County of Allegheny, 515 F.3d

224, 230-34 (3d Cir. 2008). The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (when assessing the sufficiency of a complaint, the Court must distinguish factual contentions- which allege behavior on the part of the defendant, that, if true, would satisfy one or more elements of the claim asserted- and "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements").

**B.   42 U.S.C. § 1983 and *Bivens* Claims**

Plaintiff's claims against the defendant state actors, have their jurisdictional basis under 42 U.S.C. § 1983. Plaintiff's claims against the federal DHS/ICE officers have their jurisdictional basis under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Likewise, under Bivens, the Supreme Court held that one is entitled to recover monetary damages for injuries suffered as a result of federal officials' violations of the Fourth Amendment. In doing so, the Supreme Court created a new tort as it applied to federal officers, and a federal counterpart to the remedy created by 42 U.S.C. § 1983. The Supreme Court has also implied Bivens damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and the Fifth Amendment, see Davis v. Passman, 442 U.S. 228 (1979).

In order to state a claim under <u>Bivens</u>, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law.  <u>See</u> <u>Mahoney v. Nat'l Org. For Women</u>, 681 F. Supp. 129, 132 (D. Conn. 1987)(citing <u>Flagg Brothers, Inc. v. Brooks</u>, 436 U.S. 149, 155-56 (1978)).

<u>Bivens</u> actions are analogous to suits under 42 U.S.C. § 1983 against state officials who violate federal constitutional or statutory rights.  The two bodies of law are not "precisely parallel;" however, there is a "general trend" to incorporate § 1983 law into <u>Bivens</u> suits.  <u>See</u> <u>Egervary v. Rooney</u>, 80 F. Supp. 2d 491 (E.D. Pa. 2000) (citing <u>Chin v. Bowen</u>, 833 F.2d 21, 24 (2d Cir. 1987)).

**C.    Plaintiff's Claims Regarding Meals and Library Access**

For the reasons discussed in this Court's opinion, dated March 4, 2009 (docket entry 4), plaintiff has not alleged facts sufficient to withstand <u>sua</u> <u>sponte</u> dismissal of the claim that his rights were violated because of the lack of halal meals, or due to his library access.

Without repeating the analysis laid out in the previous opinion, plaintiff does not assert facts indicating that <u>Williams</u> does not apply to his case concerning halal meals.  Nor does

9

plaintiff allege facts in the amended complaint indicating that he suffered any "actual injury" with regard to his denial of access to library claims.  Thus, for the reasons set forth in this Court's previous opinion, these claims will remain dismissed for failure to state a claim upon which relief may be granted.

### D. **Plaintiff's Medical Care Claim**

Plaintiff again asserts that he was denied medical services, possibly resulting in the loss of functioning of his hand. Plaintiff asserts in his complaint and amended complaint that because of his refusal to eat, he was denied medication.  In his amended complaint, plaintiff asserts facts indicating that he was denied therapy because of his refusal to eat.

After re-examining this claim in the amended complaint, this Court finds that the claim should proceed past sua sponte screening.  See Bell v. Wolfish, 441 U.S. 520 (1979).  The Court will permit this claim to proceed and order the named medical defendants, P. Moscatelli and Klein, R.N., as well as John Doe Medical Director at Bergen County Jail, to address the claims. See Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004) (stating that at the pleading stage, a plaintiff need only make out a claim upon which relief can be granted, and that if more facts are necessary to resolve the dispute, the parties may avail themselves of discovery mechanisms).

**CONCLUSION**

For the foregoing reasons, plaintiff's medical care claim will proceed.  However, plaintiff's remaining claims will be dismissed, for failure to state a claim upon which relief may be granted.  An appropriate order accompanies this opinion.

       /s/ Katharine S. Hayden
       KATHARINE S. HAYDEN
       United States District Judge

Dated: 9/15/09