UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRINCE A.Z.K. ADEKOYA II | : |
| Plaintiff, | : Civil Action No. 08-3994 (KSH) |
| v. | : |
| MICHAEL CHERTOFF, et al., | : ORDER ON INFORMAL |
| Defendant. | : APPLICATION |

This matter having come before the Court by way of Plaintiff's first request for the appointment of pro bono counsel filed on October 9, 2009;[1]

and the Court having considered Plaintiff's application;

and the Court noting that it has broad discretion under 28 U.S.C. § 1915 to appoint pro bono counsel to represent indigent litigants; see Parham v. Johnson 126 F.3d 454, 456–57 (3d

---

[1] Plaintiff seeks pro bono counsel in this action alleging violations of his constitutional rights during the 22 days he spent as an immigration detainee at the Bergen County jail. (Am. Compl., Docket Entry No. 7, ¶¶ 1–2, 26) Plaintiff, a practitioner of "Spritisim,"claims that the Bergen County jail did not provide him with his religious halal meal, and therefore, Plaintiff did not eat. (Am. Compl., Docket Entry No. 7, ¶¶ 2–3, 26.) Because he was not eating, Plaintiff alleges that he was "automatically cut . . . off" from prescribed medication (ibuprofen) and therapy for his right hand on which he recently had surgery. (Am. Compl., Docket Entry No. 7, ¶¶ 2–3, 17, 21, 26.) As a result, Plaintiff alleges "he is on the verge" of losing use of his right hand, now "stiff and deformed." (Am. Compl., Docket Entry No. 7, ¶¶ 3, 7.) Plaintiff also alleges a lack of access to the law library while at Bergen County Jail for his other pending cases. (Am. Compl., Docket Entry No. 7, ¶ 3). Plaintiff seeks monetary damages in excess of $10 million. (Am. Compl., Docket Entry No. 7, ¶¶ 1, 24.)

The District Court dismissed sua sponte Plaintiff's claims regarding Halal meals and library access, but allowed Plaintiff's medical care claim to proceed (Docket Entry No. 10).

Cir. 1997);

and it appearing that a court may grant a properly filed application for the appointment of pro bono counsel if Plaintiff's claims have some "merit in fact and law," Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002), and upon consideration of the following non-exhaustive list of factors:

1. the plaintiff's ability to present his own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4. the plaintiff's capacity to retain counsel on his own behalf;
5. the extent to which a case is likely to turn on credibility determinations; and
6. whether the case will require testimony from expert witnesses,

id.; Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993) (also known as the Tabron factors);

and the Court assuming for the purposes of this application that Plaintiff's claims are meritorious;

and the Court having considered the Tabron factors and finding that pro bono counsel is not warranted;[2]

---

[2] On October 9, 2009, Plaintiff filed an application for the appointment of pro bono counsel. (Pl.'s Application, Docket Entry No. 14). Plaintiff requests appointed counsel because: (1) he presently lacks access to the material and case law to efficiently pursue his case, (2) he lacks familiarity with rules of evidence and discovery, (3) his legal claims are complex, and (4) factual investigation will be necessary to litigate his case. (Pl.'s Application, Docket Entry No. 14).

Assuming without deciding the merit of Plaintiff's claims, the Court finds that the present record does not demonstrate a need for appointed counsel under the Tabron factors..

First, Plaintiff appears to have the ability to present his case. When analyzing such ability, "perhaps the most significant" Tabron factor, a court will look at "the plaintiff's education, literacy, prior work experience, and prior litigation experience along with a plaintiff's ability to understand

---

English . . . [and] restrains placed upon [a prisoner plaintiff] by confinement." <u>Montgomery</u> 294 F.3d at 502 (internal citations and quotes omitted).

       Here, Plaintiff has filed a complaint (Docket Entry No. 1) and then, after its dismissal without prejudice, filed a typed amended complaint that addressed the deficiencies in his original complaint. The revised complaint survived <u>sua sponte</u> dismissal (<u>see</u> Docket Entry Nos. 7; 10). Plaintiff appears to be able to follow court rules and ask for relief as evidenced by providing notice of his address change, requests for status updates (Docket Entry Nos. 3; 8), and application for an emergency stay of deportation (Docket Entry Nos. 2, 15). Moreover, his submissions are coherent and contain pertinent case law. <u>See</u> <u>Hill v. Davidson</u>, 844 F. Supp. 237, 238 (E.D. Pa. 1994) (noting that a plaintiff demonstrated his ability to write through his filings and through written grievances). Finally, although Plaintiff now asserts that he lacks access to law materials at the Varick detention center, his other assertions indicate that he had full access when previously detained at Varick. (<u>See</u> Pl.'s "Letter to D.O. Lopez," Dated Jun. 5, 2005, Docket Entry No. 7, Ex. A at 2 ("I was Varick federal detention facility for a month, I did not have a problem with . . . library access . . . ."); Pl's Grievance to Lt. Bakay, Dated May 28, 2008, Docket Entry 7, Ex. A ("The Court granted me unlimited access to the law library at the previous jail because I have a deadline to meet"); Pl's Grievance to Lt. Jackson, Dated May 28, 2008, Docket Entry 7, Ex. A (same); Detain Request Notice, Dated Jun. 2, 2008, Docket Entry No. 7, Ex. A ("I'm kindly requesting that I be transferred back to Varick federal detention facility so that . . . [I] have access to the law library since I have two open cases at the Southern District of N.Y.") Moreover, the quality of Plaintiff's work belies his claim to lack of resources. Accordingly, Plaintiff does not appear to lack either the ability or resources to present his case.

       Second, it is not yet apparent that Plaintiff's claim involves legal issues. Complexity favors appointment and "where the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." <u>Tabron</u>, 6 F.3d at 156 (citing to <u>Maclin v. Freake</u>, 650 F.2d 885, 889 (7th Cir. 1981)). In addition, a Section 1983 claim alleging deliberate indifference to his medical needs can raise sufficiently complex legal issues to require appointment of counsel." <u>Montgomery</u>, 294 F.3d at 502. Here, although Plaintiff alleges deliberate indifference to his medical needs under Section 1983, the facts do not indicate that Plaintiff's case will involve the presentation of complex medical or legal issues.. Plaintiff's allegations arise from a failure to eat resulting in the alleged denial of ibuprofen, a common anti-inflammatory drug, and prescribed physical therapy. A lay person will be able to understand this claim. In addition, Plaintiff's immigration issues are ancillary to the present litigation and do not affect the analysis. C.f. <u>Lamas v. Gonzales</u>, No. 07-3351 (DMC), 2007 WL 4166009 (Nov. 20, 2007) (granting an appointment of <u>pro bono</u> counsel in part "because of the complex nature of immigration cases generally," where deportation was a main issue in the litigation). Accordingly, the case lacks complexity and does not warrant appointment of counsel.

       Third, Plaintiff's claim may require factual investigation, but it is not yet apparent that Plaintiff will be unable to conduct discovery under the applicable rules or that defendants will resist

producing responsive discovery.  Cf. Montgomery 294 F.3d at 503 (observing that this factor weighed in favor of appointment because a plaintiff "encountered significant resistance from Defendants in responding to his pro se discovery motions.")  The Court of Appeals has also observed that "cases [dealing with inadequate medical care] generally require greater factual investigation than prisoners are able to conduct on their own . . . ."  Colston v. Corr. Med. Servs., 256 Fed. Appx. 551 (3d Cir. 2007).  Here, however, Plaintiff is imprisoned and alleging inadequate medical care, but his allegations span only over a 22-day period against only three defendants.  Moreover, the events that occurred and the impact on the Plaintiff is straightforward, and Plaintiff has experience and proficiency in litigation.  See Colston,256 Fed. Appx. at 553 (reversing a denial of a pro bono application because the incarcerated plaintiff  "[did] not appear to be an experienced litigant and [] expressed considerable confusion regarding discovery procedures in the District Court . . . ").  As such, this factor does not weigh in favor of appointment.

Fourth, the Court does not find that Plaintiff has no ability to retain counsel.  Indigent status weighs in favor of appointment. Montgomery, 294 F.3d at 505.  Plaintiff, however, has not demonstrated any efforts to seek counsel on his own.  See Thompson v. Union county Div. of Soc. Servs., Civ. No. 07-4928, 2008 U.S. Dist. LEXIS 62077, at *7 ("Pro bono consel is an extremely limited resource and the Court is reluctant to appoint counsel to an individual who has not demonstrated an effort to acquire his own representation."); Cf. Parham, 126 F.3d at 461 (noting that a plaintiff's efforts increased weight of this factor). But see Gordon v. Gonzalez, 232 Fed. Appx. 153 (3d Cir. 2007) (noting that "indigent litigants by definition will almost always be able to satisfy" this factor); Woodham v. Sayre Borough Police Dep't, 191 Fed. Appx. 111, 116 (3d Cir. 2006) (noting that "this factor is presumptively fulfilled, because [the plaintiff] was granted permission from the District Court to proceed in forma pauperis").  Thus, the Plaintiff's indigency alone does not support a request for counsel.

Fifth, the Court cannot currently find that this case will turn on credibility determinations.  When considering this factor, "courts should determine whether the case [will be] solely a swearing contest," as a swearing contest favors appointment of counsel.  Parham, 126 F.3d at 460.  At this point of the litigation, however, it is unclear whether the case will involve such a "swearing contest."  Thus, this factor does not presently support appointing counsel.

Sixth, the Court does not find that Plaintiff's case will require expert testimony.  Although medical mistreatment cases "generally require expert medical testimony," Colston, 256 Fed. Appx. 551, the need for expert testimony is present only when "the seriousness of injury or illness would not be apparent to a lay person."  Aruanno v. Glazman, 316 Fed. Appx. 194, 196 (3d Cir. 2009) (citing Boring v. Kozakiewicz, 833 F.2d 468 (3d Cir. 1987)).  As discussed above, Plaintiff's claims are based on his access to ibuprofen and physical therapy for his hand after surgery, but such a need for a therapy and a common anti-inflammatory drug would be apparent to a jury.  Of course, future developments in this litigation could necessitate the need for an expert witness, but, because it is not apparent at this time, this factor does not support appointing counsel.

IT IS on this 24th day of November, 2009

ORDERED that Plaintiff's request for the appointment of pro bono counsel is denied.

                    s/ Patty Shwartz
                    United States Magistrate Judge

---

Accordingly, at this early point in the litigation, the record does not support appointment of counsel for Plaintiff under Tabron.